UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FIRST HORIZON HOME LOANS, A DIVISION OF
FIRST TENNESSEE BANK NATIONAL
ASSOCIATION,

                              Plaintiff,

                    - against -

MAN YI CINDY NG, 11 BAYBERRY STREET
LLC, FOUR CORNERS HOMEOWNERS
ASSOCIATION, PEOPLE OF THE STATE OF NEW
YORK, JOHN DOE (Said name being fictitious,
it being the intention of Plaintiff to
designate any and all occupants of
premises being foreclosed herein, and
any parties, corporations or entities,
if any, having or claiming an interest
or lien upon the mortgaged premises.)

                              Defendants.
------------------------------------------------------------------X

09 Civ. 7274 (SCR)(PED)

**REPORT AND RECOMMENDATION**

**TO:   THE HONORABLE STEPHEN C. ROBINSON,
       UNITED STATES DISTRICT JUDGE**

      Plaintiff, First Horizon Home Loans ("First Horizon"), has filed a motion seeking to remand the instant proceedings to the Supreme Court of New York, County of Duchess. First Horizon also seeks fees and costs associated with the motion. Defendant Cindy Man Yi Ng ("Ng") does not oppose the motion. For the reasons set forth below, I respectfully recommend Plaintiff's motion to remand be **GRANTED** and Plaintiff's related motion for fees and costs be **DENIED**.

**I.    BACKGROUND**

On June 3, 2009, Plaintiff filed a complaint against Defendants in the New York State Supreme Court in Dutchess County. The complaint was served on Ng on July 31, 2009. Ng timely filed a Notice of Removal of the action to this Court on August 17, 2009, pursuant to 28 U.S.C. § 1446(a), claiming jurisdiction lies based on a federal question. In response to an Order to Show Cause issued by this Court, Ng filed an Answer and Affirmative Defenses to First Horizon's Complaint on January 25, 2010. Plaintiff now moves to remand the matter to state court due to a lack of subject matter jurisdiction. Defendant does not oppose this motion.

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 1447(c), a case may be remanded at any time before final judgment if it appears that the district court lacks subject matter jurisdiction. Though Ng claimed in her removal papers that jurisdiction lies with this court due to a federal question, this matter, a foreclosure action on real property based on breach of a mortgage contract, does not appear to present any federal question.[1] Ng does not oppose First Horizon's motion to remand. *See* D.E. 11. Remand is therefore appropriate.

---

[1] In her *pro se* notice of removal, Ng asserted that there was federal question jurisdiction based on the following circumstances:

"Plaintiff is a bank and is therefore governed by federal statutes and regulations relating to the practice of lending and collecting on debts . . .

Defendants have responses that stem from federal statutes and regulations which raise and embody questions of federal law . . .

Plaintiff's claims may be vindicated or defeated by construction of federal statutes and regulations. . .[.]"

Notice of Removal and Removal Action Under 28 U.S.C. § 1441 (c) of Defendant Ng, ¶¶ 7-9 (Docket entry # 1).

First Horizon also seeks an award of fees and costs in the amount of $1,000.00 incurred as a result of the removal. Section 1447(c) allows the Court discretion to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has rejected the notion that section 1447(c) requires the court to grant attorney fees and costs upon remand as a matter of course and, instead, concluded that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005).

While First Horizon asserts that the state court would be a more appropriate forum for the instant litigation (Affirmation in Support of Motion to Remand, ¶ 12), Plaintiff does not contend that Ng, a *pro se* defendant, lacked an objectively reasonable basis for seeking removal. Nor has First Horizon submitted any time records or other evidence in support for its request for $1,000 in fees and costs. It is noteworthy that Ng has not opposed First Horizon's motion to remand. Under these circumstances, I respectfully recommend that the Court decline to exercise its discretion to award fees and costs associated with the instant motion.

### III.   CONCLUSION

For the reasons set forth above, I respectfully recommend that Plaintiff's Motion to Remand be **GRANTED** and Plaintiff's Motion for Fees and Costs be **DENIED**.

### IV.   NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed.

R. CIV. P. 6(d), or a total of seventeen 17 working days, see FED. R. CIV. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Robinson.

Dated:   April 12, 2010
         White Plains, N.Y.

                                        Respectfully submitted,

                                        PAUL E. DAVISON
                                        UNITED STATES MAGISTRATE JUDGE